# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THREE TWENTY-ONE CAPITAL PARTNERS, LLC,<br><br>Appellant<br><br>v.<br><br>U.S.A. DAWGS, INC., et al.,<br><br>Appellees | Case No.: 2:18-cv-01724-APG<br><br>**Order Affirming Bankruptcy Court Order** |

Appellant Three Twenty-One Capital Partners, LLC appeals the bankruptcy court's order denying a motion to surcharge the secured creditor's collateral for fees and expenses that Three Twenty-One incurred in providing services to debtor U.S.A. Dawgs, Inc. Three Twenty-One sought to recover its fees out of the proceeds from the sale of the debtor's assets. Those assets constituted collateral of the secured creditor, appellee GemCap Lending I, LLC. GemCap opposed the motion. The bankruptcy court approved Three Twenty-One's fee application but denied the motion to surcharge.

Three Twenty-One argues on appeal that the bankruptcy proceedings were structured in a manner that made Three Twenty-One's services essential to the resolution of the proceedings through a sale of the debtor's assets, which Three Twenty-One conducted. It argues that its services provided a quantifiable benefit to GemCap and preserved GemCap's collateral; thus, GemCap would receive a windfall if Three Twenty-One's fees and expenses were not surcharged to the sale proceeds. It argues the bankruptcy court erred by denying the surcharge motion.

GemCap responds that under the relevant statutory provision, only the trustee may seek a surcharge, so Three Twenty-One lacks standing to appeal. Alternatively, GemCap argues that

even if Three Twenty-One has standing, it cannot meet its burden of showing the bankruptcy court committed clear error in finding that Three Twenty-One failed to show its fees were reasonable or that it provided a concrete and quantifiable benefit to GemCap. Finally, GemCap contends that even if Three Twenty-One overcame these hurdles, Three Twenty-One has used the incorrect formula in determining what amount of fees it could surcharge. Three Twenty-One did not file a reply brief.

Standing to appeal a bankruptcy court order is limited to "person[s] aggrieved" by that order. *Matter of Point Ctr. Fin., Inc.*, 890 F.3d 1188, 1191 (9th Cir. 2018). A person is aggrieved if it is "directly and adversely affected by" the bankruptcy court's order, meaning the court's order "diminish[ed] the appellant's property, increase[d] its burdens, or detrimentally affect[ed] its rights." *In re Thorpe Insulation Co.*, 677 F.3d 869, 884 (9th Cir. 2012).

The debtor and Three Twenty-One sought to surcharge expenses under 11 U.S.C. § 506(c). That statute provides:

> The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, including the payment of all ad valorem property taxes with respect to the property.

"The payment of these 'reasonable and necessary' expenses out of the secured property of a creditor is known as a surcharge." *In re Debbie Reynolds Hotel & Casino, Inc.*, 255 F.3d 1061, 1064 (9th Cir. 2001). The statute unambiguously provides that only the trustee or a debtor-in-possession may pursue a surcharge. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 & n.3 (2000); *In re Debbie Reynolds Hotel & Casino, Inc.*, 255 F.3d at 1066.

In the bankruptcy court, the debtor-in-possession and Three Twenty-One filed a joint motion for surcharge. ECF No. 10 at 540-47. But only Three Twenty-One filed the appeal. ECF

Nos. 1; 9. GemCap argues that because Three Twenty-One is not the trustee or debtor-in-possession, it lacks standing to appeal the order denying the surcharge. Three Twenty-One does not respond to this argument, so it has not met its burden of demonstrating that it was directly and adversely affected by the bankruptcy court's order. *See Matter of Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983) (stating that to have standing to appeal, the appellant bore the burden of showing she was directly and adversely affected by the bankruptcy court's order).

To the extent Three Twenty-One has standing,[1] I affirm the bankruptcy court's order for the reasons set forth below. I review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. *In re Compton Impressions, Ltd.*, 217 F.3d 1256, 1260 (9th Cir. 2000).

To obtain a surcharge, the debtor and Three Twenty-One had to show that the expenses they sought to surcharge against GemCap's collateral "were reasonable, necessary, and beneficial to [GemCap's] recovery, or that [GemCap] caused or consented to those expenses." *Id.* "To satisfy the benefit test of section 506(c), [Three Twenty-One] must establish in quantifiable terms that it expended funds directly to protect and preserve the collateral." *Id.* (quotation omitted). Even if Three Twenty-One makes this showing, the "amount of [GemCap's] benefit limits [Three Twenty-One's] recovery of expenses." *Id.* at 1261.

The bankruptcy court found that GemCap did not consent to the expenses. ECF No. 10 at 688. That finding is not clearly erroneous because GemCap opposed the employment of Three

---

[1] The debtor-in-possession, which has standing to request a surcharge, moved for the surcharge before the bankruptcy court and the bankruptcy court denied that motion. Three Twenty-One conceivably is aggrieved by that order (even though it independently could not seek a surcharge) because GemCap's collateral is the only means through which Three Twenty-One will be paid, as the sale proceeds are the estate's only asset.

Twenty-One from the outset and continuously objected throughout the proceedings. *See, e.g.*, ECF Nos. 10 at 84-100, 731; 22-1 at 12-16, 59-77; 22-6 at 12; 24 at 87; 24-2 at 43-66.

Additionally, the bankruptcy court's finding that Three Twenty-One did not provide a quantifiable benefit to GemCap is not clearly erroneous. ECF No. 10 at 685-88. GemCap initially objected to the debtor using GemCap's cash collateral because it believed it was not adequately protected. ECF No. 22-1 at 59-77, 95-107. Three Twenty-One and the debtor represented to the bankruptcy court that GemCap was adequately protected. ECF No. 23-1 at 71, 79. GemCap gave notice it was prepared to make a credit bid of $4.3 million, which was more than what was obtained at the auction. ECF Nos. 22-1 at 22; 26 at 58, 60; 26-4 at 54-57. In the meantime, the debtor expended GemCap's cash collateral and operated at a loss. *See, e.g.*, ECF No. 26-2 at 152. Consequently, it was not clearly erroneous to conclude that GemCap suffered a detriment[2] (or at least no quantifiable benefit) from Three Twenty-One's participation when GemCap could have foreclosed or credit bid on its secured interest at the outset, which is what GemCap wanted to do. *See In re Compton Impressions, Ltd.*, 217 F.3d at 1261.

IT IS THEREFORE ORDERED that the bankruptcy court's order denying the motion for surcharge is AFFIRMED. The clerk of court is instructed to close this case.

DATED this 27th day of September, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[2] Three Twenty-One has not shown that the bankruptcy court's finding that its employment benefitted the debtor's insiders was clearly erroneous. *See* ECF No. 10 at 676-88.